FROST v. MCGINNIS.

*(Common Pleas of New York City and County, General Term.   January 7, 1889.)*

MECHANICS' LIENS—ENFORCEMENT—SET-OFF—WAIVER.

Defendant employed a builder to do work and furnish material for a building, and, to enable him to procure material, defendant made himself liable, and paid a sum of money therefor. The mechanics' liens on the building were foreclosed and defendant did not, in the foreclosure action, set up the builder's indebtedness to him. *Held*, in an action by the receiver of the builder to recover for extra work, that such indebtedness was a proper offset, and was not waived by defendant's failure to set it up in the foreclosure proceedings.

Appeal from district court.

Action by Edward L. Frost, receiver of the assets of John Young, a judgment debtor, against Owen McGinnis, for work done in the erection of a building. Judgment for plaintiff, and defendant appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*William C. Orr*, for appellant.   *H. M. Hitchings*, for respondent.

PER CURIAM.   This action is brought by the plaintiff, as receiver of John Young, a judgment debtor, to recover for certain extra work done by Young for the defendant, McGinnis, on a lot and building in Pitts street. Young had contracted with McGinnis for doing the mason-work and furnishing the iron-work on this building, and, in order to enable Young to procure the iron-work necessary, McGinnis had made himself liable to the parties furnishing it, and had, before the commencement of this action, actually paid $485 more than called for by his contract with Young, and the latter was then indebted to McGinnis in that amount. The value of the extra work the justice found to be $35, and we think his conclusion as to the value fully sustained by the evidence. The justice rendered judgment against the defendant, McGinnis, for this amount. This, we think, was error. The indebtedness of Young to McGinnis was properly pleaded as an offset against this extra work, and should have been allowed. The fact that he did not set it up as such in the action to foreclose the mechanics' liens filed against the building did not constitute a waiver of the lien, or preclude him from setting it up in this action; and he had as much right to set it up and maintain it as a defense in an action brought by the receiver as he would have had in an action brought by Young himself. The judgment should therefore be reversed, with costs.